**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION**

| | |
|---|---|
| **VERIZON WIRELESS OF THE EAST, L.P. d/b/a VERIZON WIRELESS,** ) ) ) ) | |
| **Plaintiff,** ) ) | **CIVIL ACTION NO.: 2:20-cv-1** |
| **v.** ) ) | |
| **CAMDEN COUNTY, GEORGIA and the CAMDEN COUNTY, GEORGIA BOARD OF COUNTY COMMISSIONERS,** ) ) ) ) ) | |
| **Defendants.** | |

**COMPLAINT FOR EQUITABLE RELIEF, DECLARATORY JUDGMENT,
AND REQUEST FOR EXPEDITED REVIEW**

Plaintiff Verizon Wireless of the East, L.P. d/b/a Verizon Wireless ("Verizon Wireless"), files this complaint for Equitable Relief, Declaratory Judgment, and Request for Expedited Review against the Camden County, Georgia (the "County") and the Camden County, Georgia Board of County Commissioners, and states as follows:

## I.     INTRODUCTION.

1.     This action arises out of the unlawful denial of Verizon Wireless' application to construct a wireless telecommunications facility on real property located in Camden County, Georgia.

1

2.      Verizon Wireless seeks to deliver the latest available wireless telecommunications technology to its customers.  As part of this effort, Verizon Wireless seeks to identify and fill significant gaps in wireless coverage and capacity.  To fill gaps in coverage and capacity, and meet growing demand, Verizon Wireless must expand its network by constructing an infrastructure designed and developed by Verizon Wireless' engineering staff and outside professionals.

3.      Verizon Wireless' network infrastructure is made up of multiple wireless service facilities.  Each of Verizon Wireless' facilities can only serve limited areas because of, *inter alia*, geography and radio frequency bands. Verizon Wireless' facilities must be located in the areas where service is needed and within proximity of other Verizon Wireless facilities to provide its customers with adequate signal strength, services, and a useable wireless telecommunications network.

4.      Verizon Wireless brings this action to require the County to permit the building of a new wireless telecommunication tower that will fill a significant gap in cellular phone coverage and capacity in the County.

5.      The County's denial of Verizon Wireless' application is not supported by substantial evidence contained in a written record, discriminates among wireless providers, and effectively prohibits the provision of personal wireless service in the vicinity of the proposed facility.

6.     Accordingly, the County's denial of Verizon Wireless' application violates the Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 332(c)(7), (the "TCA"), and Verizon Wireless is entitled to an order directing the County to grant Verizon Wireless' application for the proposed facility.

7.     Verizon Wireless requests expedited treatment of this Complaint pursuant to 47 U.S.C. § 332(c)(7)(B)(v).

## II.   THE PARTIES.

8.     Verizon Wireless of the East, L.P., doing business as Verizon Wireless, is a Delaware corporation registered in the State of Georgia and having its principal address in Basking Ridge, New Jersey.

9.     The County is a political subdivision established under the laws of the State of Georgia and is subject to the jurisdiction of this Court.

10.    The Board governs the County and is subject to the jurisdiction of this Court.

## III.   JURISDICTION AND VENUE.

11.    This Court has jurisdiction over this matter pursuant to: 28 U.S.C. § 1331 (federal question), the TCA, 47 U.S.C. § 332(c)(7)(B)(v), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.    Venue is proper in this Court pursuant to 47 U.S.C. § 332(c)(7)(B)(v) and 28 U.S.C. § 1391(b)(2) because Defendants reside in

this judicial district, the proposed wireless communications facility would be located in this judicial district, and a substantial part of the events or omissions giving rise to this action occurred in this judicial district.

## IV.  **LEGAL BACKGROUND.**

13.   The TCA governs federal, state and local government regulation of the siting of personal wireless service facilities such as the one at issue in this case.  47 U.S.C. § 332(c)(7)(B).

14.   The purpose of the TCA is to "make available, so far as possible, to all the people of the United States . . . a rapid, efficient, Nation-wide, and world-wide wire and radio communications service with adequate facilities at reasonable charges, for the purpose of the national defense, for the purpose of promoting safety of life and property through the use of wire and radio communications . . . ." 47 U.S.C. § 151.

15.   The TCA reduces barriers local governments impose to defeat or delay the installation of wireless communications facilities and protects against irrational or baseless decisions by local authorities.  *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008) (quoting *Sw. Bell Mobile Sys., Inc. v. Todd*, 244 F.3d 51, 57 (1st Cir. 2001) (abrogated on other grounds by *T-Mobile S., LLC v. County of Roswell, Georgia*, 574 U.S. 293 (2015)).

16.    In enacting the TCA, Congress considered the potential conflict between state and local governmental regulation of the placement and aesthetic effects of wireless telecommunications facilities and the national need for rapid deployment of economical and effective wireless services. The TCA imposes significant restraints on local governmental actions that might limit the provision of wireless telecommunications services, while preserving state and local governmental authority over decisions regarding the "placement, construction, and modification of wireless facilities."   47 U.S.C. § 332(c)(7)(A).

17.    The TCA specifically prohibits state and local governing entities from discriminating among wireless providers and from taking actions that effectively prohibit wireless providers from providing service.  47 U.S.C. § 332(c)(7)(B)(i).

18.    The TCA states, in pertinent part, that state and local government regulation of personal wireless service facilities:

(I)    shall not unreasonably discriminate among providers of functionally equivalent services; and

(II)    shall not prohibit or have the effect of prohibiting the provision of personal wireless services.

47 U.S.C. § 332(c)(7)(B)(i)(I-II).

19.    The TCA requires that state and local governing bodies put a denial of a request for a wireless services facility in writing and that the denial be supported by substantial evidence in a written record.

20.    The relevant language provides:

(iii)    Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities **shall be in writing and supported by substantial evidence contained in a written record**.

47 U.S.C. § 332(c)(7)(B)(iii) (emphasis added).

21.    The TCA provides that "[a]ny person adversely affected by any final action or failure to act by a State or local government or any instrumentality thereof that is inconsistent with [the TCA] may, within 30 days after such action or failure to act, commence an action in any court of competent jurisdiction." 47 U.S.C. § 332(c)(7)(B)(v).

22.    Appeals under Section 332(c)(7)(B)(v) are to be heard and adjudicated on an expedited basis.  *BellSouth Mobility Inc. v. Gwinnett County,* 944 F. Supp. 923, 929 (N.D. Ga. 1996) (courts shall act expeditiously in deciding appeals brought under section 332(c)(7)(B)(v)).

23.    An injunction ordering issuance of a permit is an appropriate remedy for violation of the TCA.  *Preferred Sites, LLC v. Troup Cty.*, 296 F.3d 1210, 1222 (11th Cir. 2002).

6

## V.    FACTS.

### A.    Background.

24.    Verizon Wireless provides commercial mobile radio services, personal and advanced wireless services, and other telecommunications services, as those terms are defined under federal law and in the State of Georgia.

25.    To advance the national policies of the TCA established by 47 U.S.C. § 151 and the Federal Communications Commission, Verizon Wireless constructs towers and other wireless facilities to create and maintain a network of sites which consists of antennas and communications equipment designed to send and receive radio signals.

26.    Verizon Wireless uses radio frequency ("RF") engineers to determine where a new wireless facility is required.  Verizon Wireless uses sophisticated proprietary techniques to conduct propagation studies to identify where sites need to be located.  To provide reliable service, radio signal coverage from sites must overlap.  Verizon Wireless is not able to provide reliable service to consumers if it is unable to construct sites to affect this overlapping coverage.

27.    Verizon Wireless determined that it has a significant gap in its ability to provide reliable indoor service in subdivisions along Harriet's Bluff Road between Sheffield Island Road and Mary's Drive in Woodbine,

Camden County, Georgia.  Verizon Wireless further determined that there was a need to increase capacity to allow existing sites in the area to operate more reliably and efficiently.   In order to improve the wireless telecommunications network in and around the County, Verizon Wireless sought to develop a new wireless telecommunications tower site to complement the existing wireless network.

28.   An appropriate candidate would have to fill the gap in service, comply with the zoning requirements, be leasable, and be buildable.  A property that does not meet each of those requirements is not a viable candidate.

29.   Verizon Wireless determined there were no existing communications towers or structures close enough to the targhaeted area (and no other towers of any sort within a mile and a half of the proposed site) that could accommodate collocation and remedy Verizon Wireless' significant gap in service.

30.   Verizon Wireless identified the property located at 5452 Harrietts Bluff Road, Woodbine, Georgia 31569 (the "Sadlers Landing Site") as the only viable site to locate the proposed telecommunications tower.

31.   Verizon Wireless proposed to develop a 199-foot tall monopole wireless telecommunications facility on the Sadlers Landing Site.   The

height was determined to be the minimum needed to address the coverage and capacity issues in the area of the Sadlers Landing Site.

32.    The Sadlers Landing Site is located at in the southeastern corner of a 1137-acre tract of land in a "A-F" (Agriculture-Forestry) zoning district (the "Property").

33.    Wireless telecommunications facilities are allowed in an A-F zoning district following the issuance of a Special Use approval by the County.  Camden County Unified Development Code (the "UDC"), Article 2, at § 209.

34.    The Sadlers Landing Site is critical for Verizon Wireless to develop a seamless wireless telecommunications network and to fill a significant gap in coverage and capacity in the area.

**B.    <u>The Application</u>.**

35.    On October 25, 2019, Fortified Telecom Services filed an Accessory Permit Application on behalf of Verizon Wireless seeking approval to develop a new wireless telecommunication facility on the Sadlers Landing Site (the "Application").  A copy of the Application is attached as **Exhibit A**.

36.    All documents required by the UDC were included with the Application in compliance with County's Ordinance and evidencing the need for the Sadlers Landing Site to provide wireless telecommunications

9

coverage and capacity in the County.  A copy of the Application's supporting documents are part of Exhibit A.

37.    The Application complied with all the applicable general and specific procedures, requirements, and standards required by the County.

38.    Verizon Wireless was never provided with notice that the Application was incomplete, deficient, or otherwise failed to meet the requirements of the UDC.

## C.    **The Board's Hearing.**

39.    In advance of the Board's consideration of the Application, the County's planning and development staff considered the Application, determined that it met all the requirements of the UDC, and recommended that the Application be approved.   A copy of the County's staff's recommendation is attached hereto as **Exhibit B**.

40.    On November 20, 2019, the Camden County Planning Commission voted unanimously to approve the Application.

41.    The County set a public hearing on the Application with the Board for December 3, 2019.

42.    At the public hearing, Verizon Wireless provided evidence that the Sadlers Landing Site was the only site that could provide both the desired coverage and capacity.

43.    Verizon Wireless demonstrated through substantial evidence that there were no towers or other suitable structures in the area on which Verizon Wireless could collocate.

44.    Verizon Wireless also presented substantial evidence showing how the Sadlers Landing Site would fit into the existing network of Verizon Wireless telecommunications sites in the area.

45.    Verizon Wireless presented evidence that the Sadlers Landing Site was the only site available that would provide the coverage needed to develop the network and close a significant gap in coverage and capacity.

46.    Verizon Wireless presented evidence that a gap exists, and the Sadlers Landing Site was needed to close the gap in the wireless telecommunications network.   Further, the Sadlers Landing Site was needed to relieve capacity congestion on the existing telecommunications sites.

47.    Verizon Wireless offered evidence that the proposed tower would be safe and met all of the requirements of the UDC.

48.    Verizon Wireless addressed all of the grounds for considering a Use Permit application under the Ordinance.

49.    Verizon Wireless' substantial evidence supported granting the Use Permit.

50.    No evidence was presented in opposition to the Application or to Verizon Wireless' presentation.

51.    Instead, four local residents expressed unsupported opposition. Specifically, these residents gave subjective and unsubstantiated opinions about RF emissions and other potential health threats caused by the proposed tower, allegedly negative impacts on the landscape, and potentially negative impacts on property values.  The residents did not introduce any evidence at the Board hearing.

52.    The County is not permitted to regulate the placement of any telecommunications site on the basis of environmental and health effects of radio frequency emissions.  47 U.S.C. § 332(c)(7)(B)(iv).

53.    None of the public comments made by the residents were supported by any evidence.

54.    Following the public hearing on the Application, the Board moved to deny the Application and voted 5 to 0 to deny the Application.

55.    In denying the Application, the County Board did not rely on any evidence.

56.    On December 4, 2019, the County issued a letter to Verizon Wireless stating that the Application was denied.  A copy of the County's letter is attached as **Exhibit C**.

57.     In its written denial, the County stated the denial was based on "[t]he impact of the proposed tower upon the scenic views and visual quality of the surrounding area."

58.     Defendants have failed to provide Verizon Wireless with substantial evidence supporting the denial of the Application in a written record.

59.     Defendants' failure to provide Verizon Wireless with substantial evidence supporting the denial in a written record is in violation of the TCA.

60.     The injury to Verizon Wireless, by the unsupported and unsubstantiated denial of the Application, is continuing and irreparable.

61.     The denial of the Application cannot be quantified or remedied with monetary damages.

62.     The public interest, supported by the policies embodied in the TCA, warrants a declaration and equitable relief compelling Defendants to approve the Application.

63.     A present and actual controversy exists between Verizon Wireless and Defendants regarding denial of the Application in violation of the TCA.

64.     Verizon Wireless has been and continues to be adversely affected by denial of the Application.

13

65.     Verizon Wireless has exhausted all of its administrative remedies.

66.     An injunction ordering issuance of a permit is an appropriate remedy for violation of the TCA.

## COUNT ONE
## Failure to Comply with the
## Supported by Substantial Evidence Requirement

67.     Verizon Wireless incorporates by reference the allegations set forth in Paragraphs 13-66 above as if set forth fully herein.

68.     The TCA states in pertinent part:

(iii)   Any decision by a State or local government or instrumentality thereof to deny a request to place, construct, or modify personal wireless service facilities shall be in writing and **supported by substantial evidence** contained in a written record.

47 U.S.C. § 332(c)(7)(B)(iii) (emphasis added).

69.     Verizon Wireless presented substantial evidence in support of the Application.

70.     The Application complied with every aspect of the Ordinance.

71.     Verizon Wireless addressed all of the grounds for considering a Use Permit application under the Ordinance.

72.     Defendants never informed Verizon Wireless that the Application was incomplete or otherwise failed to satisfy the Ordinance.

14

73.     Defendants relied on unsubstantiated public comments to deny the Application.

74.     Defendants have failed to evidence any reason for denial, much less substantial evidence, that the denial is authorized by the Ordinance.

75.     Mere generalized concerns are not sufficient and are not substantial evidence justifying denial of the Application.

76.     Defendants impermissibly relied on environmental effects of radio frequency emissions in violation of the TCA to deny the Application.

77.     Defendants' denial of the Application fails to meet the "supported by substantial evidence contained in a written record" requirement of the TCA because there is no evidence, much less substantial evidence, supporting denial of the Application.

WHEREFORE, Verizon Wireless prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and order Defendants to approve the Application and issue all approvals necessary to allow construction of the proposed wireless telecommunications facility.   Verizon Wireless further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

15

**COUNT TWO**
**Unreasonable Discrimination Among Providers of**
**Functionally Equivalent Services**

78.     Verizon Wireless incorporates by reference the allegations set forth in Paragraphs 13-77 above as if set forth fully herein.

79.     The TCA specifically provides, in pertinent part, that state and local government regulation of personal wireless service facilities:

(I)     shall not unreasonably discriminate among providers of functionally equivalent services . . . .

47 U.S.C. § 332(c)(7)(B)(i)(I).

80.     Verizon Wireless met the requirements of the Ordinance concerning telecommunications towers.

81.     Verizon Wireless offered evidence that the Sadlers Landing Site was necessary to offer wireless telecommunications service in the area that it would not otherwise be able to offer without approval of the Application.

82.     Verizon Wireless complied with all of the requirements necessary for approval of the Application.

83.     Verizon Wireless demonstrated that only the Sadlers Landing Site would meet the coverage and capacity requirements needed in the area.

84.     The Application was based upon sound engineering principles, user operational requirements, and marketplace demands.

85.     Denial of the Application failed to reduce the regulatory burden in violation of the TCA.

86.     Defendants have previously approved facilities of functionally equivalent service providers in the County.

87.     The intentional actions of the County Board in denying the Application unreasonably discriminated against Verizon Wireless with respect to other wireless telecommunications service providers who provide functionally equivalent services and has the effect of prohibiting the provision of wireless services in the area near the Sadlers Landing Site in violation of the TCA.

WHEREFORE, Verizon Wireless prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and enter an order granting the Application and all approvals necessary to allow construction of the proposed wireless telecommunications facility on the Sadlers Landing Site.  Verizon Wireless further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

**COUNT THREE**
**Unlawful Prohibition of the**
**Provision of Personal Wireless Services**

88.     Verizon Wireless incorporates by reference the allegations set forth in Paragraphs 13-87 above as if set forth fully herein.

89.   The TCA specifically provides, in pertinent part, that state and local government regulation of personal wireless service facilities:

(II)   **shall not prohibit or have the effect of prohibiting** the provision of personal wireless services.

47 U.S.C. § 332(c)(7)(B)(i)(II) (emphasis added).

90.   The Application meets the requirements of the Ordinance concerning telecommunications towers.

91.   Verizon Wireless complied with all of the requirements necessary for approval of the Application.

92.   Verizon Wireless provided substantial evidence of a significant gap in coverage and capacity and evidenced a lack of reasonable alternative locations for the proposed wireless telecommunications facility.

93.   Verizon Wireless provided evidence in the Application and at the County Board hearing that only the Sadlers Landing Site would meet Verizon Wireless' coverage and capacity requirements.

94.   The Application was based upon sound engineering principles, user operational requirements, and marketplace demands.

95.   Denial of the Application failed to reduce the regulatory burden upon Verizon Wireless in violation of the TCA.

96.   Defendants materially inhibited Verizon Wireless' ability to fill a gap in coverage, strengthen its wireless network, improve capacity, or otherwise improve service capabilities.

97.   Defendants restricted new services and/or the improvement of existing services.

98.   No objective evidence was provided in opposition to the Application.

99.   Denial of the Application prevents Verizon Wireless from constructing a wireless communications tower on the Sadlers Landing Site.

100.   Denial of the Application has the effect of prohibiting the provision of wireless services in the area of the Sadlers Landing Site in violation of the TCA.

[Complaint continued on following page.]

WHEREFORE, Verizon Wireless prays that this Court hold an expedited hearing, issue an injunction holding that Defendants violated the TCA, and enter an order granting the Application and all approvals necessary to allow construction of the proposed wireless telecommunications facility on the Sadlers Landing Site.  Verizon Wireless further prays for such further, other or different relief as the Court deems appropriate under the circumstances.

This 2nd day of January, 2020.

Ivy N. Cadle
Georgia Bar No. 353227
icadle@bakerdonelson.com

Baker, Donelson, Bearman,
Caldwell & Berkowitz, P.C.
300 Mulberry Street
Gateway Plaza, Suite 201
P.O. Box 5037
Macon, Georgia 31208-5047
Tel: 478-765-1823

1500 Monarch Plaza
3414 Peachtree Rd, NE
Atlanta, Georgia 30326
Tel: (404) 577-6000